## PATALAS v. UNITED STATES.

No. 10687.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 10, 1950.

Decided Nov. 9, 1950.

Mr. Louis Jongbloet, Washington, D. C., with whom Mr. E. Brandon Alvey, Alexandria, Va., was on the brief, for appellant.

Mr. Jerome Powell, Assistant United States Attorney, Washington, D. C., with whom Messrs. George Morris Fay, United States Attorney, and Raymond E. Baker and Joseph M. Howard, Assistant United States Attorneys, all of Washington, D. C., were on the brief, for appellee. Mr. Richard M. Roberts, Assistant United States Attorney, Washington, D. C., also entered an appearance for appellee.

Before EDGERTON, BAZELON and FAHY, Circuit Judges.

PER CURIAM.

This is an appeal from a conviction of the crime of unauthorized use of a motor vehicle. 22 D.C. Code § 2204 (1940). The complaining witness parked his car at Sixth and H Streets, N. W., at about 2 a. m. on April 5, 1950. A short time afterwards, the car was found, considerably damaged, on a street-car platform at Seventh and K Streets, N. W. Meanwhile, some time between 2:15 a. m. and 2:25 a. m., a police officer saw appellant emerging—staggering and with bleeding forehead—from an alley in the vicinity. Believing that appellant was intoxicated, this officer arrested him. When appellant was taken to a hospital for treatment of the cut on his forehead, a pair of spectacles with one broken lens was found in his coat pocket. Later, several pieces of glass were found beneath the steering wheel of the automobile here in question. At the trial below, these pieces of glass were offered in evidence and appeared to fit the pieces in the lens perfectly.

Appellant's motion for judgment of acquittal was properly denied. Not only the broken pieces of glass but also appellant's proximity to the place where the automobile was found and the cut on his forehead, which might have been incurred at the time the car was damaged, were evidence sufficient to take the case to the jury.

Appellant's objections to the instructions of the court below, and to the admission of the pieces of glass in evidence, are clearly without merit.

Affirmed.